UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CHADERIKE DYE                                                                                               Plaintiff

v.                                                                                        Civil Action No. 3:22-CV-P164-RGJ

LMDC, *et al.*                                                                                 Defendants

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on initial review of Plaintiff Chaderike Dye's *pro se* complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss Plaintiff's claims and allow him to file an amended complaint.

**I.**

Plaintiff is a pretrial detainee at the Louisville Metro Department of Corrections (LMDC). He brings suit pursuant to 42 U.S.C. § 1983 against LMDC, Director Dewayne Clark, Assistant Director Martin Baker, and Correctional Officer R. Stamphil.[1] He sues Defendants Clark, Baker, and Stamphil in their individual and official capacities. Plaintiff asserts six claims in his complaint.

First, Plaintiff reports that he is "incarcerated on a $175,000 bond since 10/11/2021" for charges of terroristic threatening in the third degree and escape in the second degree. He asserts that this is "excessive bail for such low level charge[s]" and that he has not had a bond adjustment since his incarceration almost six months ago.

Second, Plaintiff claims that Defendant Stamphil has made several racial, derogatory, and disrespectful comments. He asserts that on February 12, 2022, Defendant Stamphil made a comment to him regarding his fiancé and a Black man, which Plaintiff indicates, "as a White man

---

[1] In the Statement of Claim(s) section of the complaint form, Plaintiff spells this Defendant's last name "Stanphil." The Court will use the spelling "Stamphil" in this Memorandum Opinion and Order.

I was humeleated, imbarresed, angry, and Hurt." Plaintiff additionally alleges that on February 23, 2022, he asked Defendant Stamphil "for a extra tray because he gave another black guy a extra tray and his responce was 'Im rasist today.'" Plaintiff further claims that when Defendant Stamphil has served meals he has made racial slurs.

Third, Plaintiff claims that "the Jail has refused me soap, toilet paper, razors, and a hair cut." He reports having asked multiple times for hygiene and cleaning supplies but was refused. He alleges that he "went weeks without soap to properly wash my body, which has led me to getting boils/sists on my body that now have to be surgicley removed which medical has refered me out to go have the surgerys."

Fourth, Plaintiff claims that he has been "refused on multiple occasions to call [his] attorney which is a Public Defender." He states that he asked a case worker, Roneshia Merritt, on February 1, 7, 8, and 24 and March 8, 2022, "to let me come to her office to use her phone so I could contact my lawyer and she said she would call on my behalf which I told her I wasen't going to give her any information reguarding my case to tell my lawyer." He asserts that this violates "confidentiality, and the HIPA[2] Law."

Fifth, Plaintiff reports that on February 16, 2022, he "told many officers, and sargent's" that he was freezing in his cell and that "it had to be about 40°" but that they refused to give him another blanket until they checked the temperature themselves but they failed to do so. He further reports that he asked "Officer Dean to feel how cold it was if she would get a sargent to come back [] to check the tempature" and that she replied "That was not her problem!" As of the date he filed

---

[2] The Court presumes Plaintiff is referencing the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

the complaint on March 18, 2022, Plaintiff indicated that he was still in the cold cell with no response.

Lastly, Plaintiff alleges that since February 11, 2022, he has been "placed in a single cell for 23 hours a day with 1 hour out. im not supposed to be locked in a single cell all day everyday I am not on any displinary I done nothing wrong to be placed in a single cell and left for dead."

As relief, Plaintiff seeks monetary and punitive damages.

## II.

When a prisoner seeks relief from governmental entities, officers, and/or employees, the trial court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the court must dismiss the complaint, or any portion of the complaint, if it determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions'

3

or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. *LMDC and Official-Capacity Claims*

Defendant LMDC, a municipal department, is not suable under § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Marbry v. Corr. Med. Servs.*, No. 99–6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). Rather, the municipality itself, here the Louisville Metro Government, is the proper Defendant. *See Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Further, "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants Clark, Baker, and Stamphil are also brought against the Louisville Metro Government.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

Plaintiff fails to allege, and the complaint fails to contain facts indicating, that any purported wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by the Louisville Metro Government. The complaint, therefore, fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim. The claims against the Louisville Metro Government/LMDC and the official-capacity claims against Defendants Clark, Baker, and Stamphil will be dismissed.

### B. Individual-Capacity Claims

#### 1. *Defendants Clark and Baker*

To the extent Plaintiff is seeking to hold Defendants Clark and Baker responsible based on their supervisory positions as LMDC Director and Assistant Director, respectively, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691. "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Plaintiff alleges no facts in the complaint involving Defendant Clark or Baker. The complaint, therefore, fails to state a claim upon which relief may be granted against them.

#### 2. *Defendant Stamphil*

Although unprofessional and deplorable, Defendant Stamphil's alleged racial, derogatory, and disrespectful comments fail to give rise to a constitutional claim. *See, e.g.*, *Jones Bey v. Johnson*, 248 F. App'x 675, 677-78 (6th Cir. 2007) (holding state prison guard's use of racial slurs and derogatory language does not rise to the level of an Eighth Amendment violation); *King v.*

*City of Eastpointe*, 86 F. App'x 790, 814 (6th Cir. 2003) (Moore, J., concurring in part and dissenting in part) ("The use of a racial epithet by itself is not an actionable violation of the Equal Protection Clause.") (citing *Owens v. Johnson*, No. 99–2094, 2000 WL 876766, at *2 (6th Cir. June 23, 2000) (unpublished Order) ("The occasional or sporadic use of racial slurs, although unprofessional and reprehensible, does not rise to a level of constitutional magnitude.")); *Hartsfield v. Stelma*, No. 1:16-CV-1135, 2016 WL 6775475, at *4 (W.D. Mich. Nov. 16, 2016) (concluding defendant's "alleged use of vulgar language and racial slurs [during plaintiff's pretrial detention] does not rise to the level of a constitutional violation"). This claim against Defendant Stamphil, therefore, will be dismissed for failure to state a claim upon which relief may be granted.

### 3. Remaining Claims

#### a. Excessive Bail

Plaintiff complains about excessive bail and seems to seek an adjustment in bail. He fails to explain, however, how any of the Defendants could have been responsible for setting his bail. Nevertheless, "a federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury." *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). "*Younger* abstention in civil cases requires the satisfaction of three elements. Federal courts should abstain when (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997).

As a pretrial detainee, Plaintiff necessarily has a state criminal proceeding pending against him. The Commonwealth of Kentucky has an important state interest in adjudicating criminal

proceedings, including the setting and modification of bail. *Brown v. Clack*, No. 3:22-CV-21-BJB, 2022 WL 3355805, at *7 (W.D. Ky. Aug. 12, 2022) ("Whether his bail is excessive is the subject of 'state criminal proceedings,' which obviously 'involve important state interests.'") (quoting *Gonnella v. Johnson*, 115 F. App'x 770, 771 (6th Cir. 2004)). And Plaintiff has failed to articulate any reason to believe that the Kentucky state courts will not fully and fairly litigate his constitutional claims. This Court, therefore, must abstain in this § 1983 action from interfering with his on-going state-court criminal proceeding.[3]

### b. Refused Requests to Contact Attorney by Phone

As to Plaintiff's claim that he has been "refused on multiple occasions to call [his] attorney which is a Public Defender," Plaintiff does not allege that he was not allowed to contact his lawyer by other methods, such as letters or a personal visit. *See Aswegan v. Henry*, 981 F.2d 313, 314 (8th Cir. 1992) ("Although prisoners have a constitutional right of meaningful access to the courts, prisoners do not have a right to any particular means of access, including unlimited telephone use."); *White v. Blue*, No. 4:15-CV-P100-JHM, 2015 WL 9244491, at *2 (W.D. Ky. Dec. 17, 2015) (finding that, where plaintiff did not allege that he did not have other means of communicating with his attorney, plaintiff had not alleged any constitutional violation with regard to access to the phone or his attorney). As to his claimed violation of "confidentiality" when a case worker said she would contact Plaintiff's lawyer on his behalf, Plaintiff states no breach of confidentiality

---

[3] "The protection against unreasonable bail pending trial has been found by the federal courts to be one of the few rights, along with the right to be free of double jeopardy, whose vindication may be asserted prior to trial, either by direct appeal of an adverse interlocutory order or by a petition for habeas corpus [pursuant to 28 U.S.C. § 2241]." *Atkins v. Michigan*, 644 F.2d 543, 549 (6th Cir. 1981) (citations omitted). A federal court, however, should abstain from exercising its habeas jurisdiction under § 2241 until after the petitioner exhausts available state court remedies. *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981) ("[A]lthough § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner.").

because he advises that he did not allow the case worker to contact his lawyer. He further fails to allege facts that even suggest HIPAA's application to this case, and in any event, a plaintiff has no private right of action under HIPAA. *See Thomas v. Dep't of Health & Human Servs., Office for Civil Rights*, No. 17-6308, 2018 WL 5819471, at *2 (6th Cir. Aug. 24, 2018) ("HIPAA itself does not create a private right of action."); *Adams v. Eureka Fire Prot. Dist.*, 352 F. App'x 137, 139 (8th Cir. 2009) (per curiam) (holding that HIPAA cannot be enforced through either an implied private right of action or through § 1983). Plaintiff, therefore, fails to state a claim upon which relief may be granted as to his claim of being refused to contact counsel by phone.

      c. *Conditions of Confinement*[4]

Plaintiff claims that he has been refused hygiene and cleaning supplies resulting in boils/cysts; has been left in a cold cell without an extra blanket; and has been "placed in a single cell for 23 hours a day with 1 hour out" without a disciplinary basis. As previously discussed herein, Plaintiff fails to state a claim against Defendants in their official capacities. Further, Plaintiff does not name any individual who was involved in these alleged conditions of his confinement. Thus, he has failed to state a claim upon which relief may be granted against a named Defendant.

Under Rule 15(a) of the Federal Rules of Civil Procedure, however, "a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [(Prison Litigation Reform Act)]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

---

[4] Plaintiff alleges that his Eighth Amendment rights were violated, but the Eighth Amendment applies to convicted prisoners. As Plaintiff is a pretrial detainee, the Fourteenth Amendment Due Process Clause applies to his claims. *See Westmoreland v. Butler Cnty., Kentucky*, 29 F.4th 721, 727 (6th Cir. 2022).

Upon consideration, the Court will allow Plaintiff to file an amended complaint to name as Defendants, and to sue them in their *individual* capacities, any persons he claims denied him soap and other hygiene/cleaning items, kept him in a cold cell without an extra blanket, and placed and kept him in a single cell for 23 hours a day. Plaintiff must indicate how long he remained in those conditions or if he still remains in any of those conditions, and he must provide facts detailing how each Defendant was involved in any alleged wrongdoing related to those claims. If Plaintiff chooses to file an amended complaint, the Court will perform an initial review on that filing pursuant to § 1915A.

## IV. **ORDER**

For the foregoing reasons, **IT IS ORDERED** as follows:

(1) All claims in the complaint are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

(2) Within **30 days** from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint naming as Defendants in their *individual* capacities any persons he claims denied him soap and other hygiene/cleaning items, kept him in a cold cell without an extra blanket, and placed and kept him in a single cell for 23 hours a day. Plaintiff must indicate how long he remained in those conditions or if he still remains in any of those conditions, and he must provide facts detailing how each Defendant was involved in any alleged wrongdoing related to those claims.

(3) The **Clerk of Court is DIRECTED** to write the instant case number and "Amended Complaint" on a § 1983 complaint form and send it, along with four blank summons forms, to Plaintiff for his completion should he wish to file an amended complaint.

(4)  The Court will perform an initial review pursuant to § 1915A of the amended complaint, if one is filed.

(5)  Plaintiff is **WARNED** that his failure to file an amended complaint within the time allotted **will result in dismissal of the entire action** for the reasons set forth herein.

Date: August 17, 2022

Rebecca Grady Jennings, District Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendants
      Jefferson County Attorney
A961.005